IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PELLICIER-MERCUCCI, *et al.*,

    **Plaintiffs**

      v.

PUERTO RICO TELEPHONE COMPANY,
D/B/A,

    **Defendant.**

**CIVIL NO.** 13-1733 (JAG)


**OPINION & ORDER**

GARCIA-GREGORY, D.J.

    The complaint at bar alleges that Defendant Puerto Rico Telephone Company (d/b/a Claro Puerto Rico) unlawfully terminated the medical benefits plan belonging to employee Ricardo Perez-Rodriguez. The employee's wife and daughters, which were covered under the family plan, brought this action claiming wrongful termination of medical insurance from June 1 through September 19, 2012, as well as consequential pain and suffering. Defendant moved to dismiss alleging that the plan in question was covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, and that Plaintiffs failed to exhaust administrative remedies. Defendant also argued that Plaintiffs' request for damages under Article 1802 of the

Puerto Rico Civil Code should be dismissed because it is pre-empted by ERISA. Plaintiffs timely opposed.

## BACKGROUND

Pursuant to a collective bargaining agreement, Defendant provides "active employee[s]" with a medical benefits plan that covers employees and their families. (Docket No. 9-1 ¶¶ 1-3, 4). According to the complaint, the plan allows Defendant to terminate coverage "if the employee, for any reason, is dismissed, laid off, resigns, passes away or is suspended for more than 30 days." (Id. ¶ 4).

The plan in question covered employee Ricardo Perez-Rodriguez as well as his wife and minor daughters. On June 1, 2012, Defendant terminated Mr. Perez-Rodriguez's plan, consequently leaving him and his family without medical insurance. (Id. ¶ 6). Plaintiffs claim that this termination was unjustified because Mr. Perez-Rodriguez was still an "active employee" of Defendant, and had not been dismissed, laid off, or suspended. In an effort to resolve this problem, Mr. Perez-Rodriguez initiated a series of claims as well as a "labor complaint" against his employer, all to no avail. (Id. ¶¶ 13-14). As a consequence of having no medical insurance, Mrs. Pellicier-Mercucci could not obtain treatment for her cancer and

the minor daughters were left without the vaccinations required
for school.

**ANALYSIS**

Defendant argues that the complaint at bar is, at bottom,
"a claim for the enforcement of rights under a medical insurance
plan subject to the provisions" of ERISA, and should be
dismissed because Plaintiffs have failed to exhaust their
administrative remedies prior to bringing this suit. Plaintiffs
appear to concede that the medical benefits plan is indeed
covered by ERISA. Plaintiffs argue, however, that this case
should be allowed to proceed since ERISA does not have an
express exhaustion requirement, and in the alternative, that
they made "good-faith" efforts to seek relief before resorting
to this forum. Neither argument presented by Plaintiffs is
convincing.

Plaintiffs' first argument fails immediately; it is well
settled that ERISA requires putative plaintiffs to exhaust their
administrative remedies prior to filing suit. Madera v. Marsh
USA, Inc., 426 F.3d 56, 61 (1st Cir. 2005)(citing Terry v. Bayer
Corp., 145 F.3d 28, 40 (1st Cir. 1998). As Defendant correctly
argues, whether the exhaustion requirement is of statutory or
judicial creation is entirely immaterial. The requirement is
there, and it is the Plaintiffs' burden to meet it. Moreover,

Plaintiffs' suggestion that the labor complaint filed by Mr. Perez-Rodriguez should be construed as a good-faith attempt to satisfy the exhaustion requirement is not enough. The complaint does not contain a single allegation supporting an inference that the complaint filed by Mr. Perez-Rodriguez "was filed in accordance with the plan's claims procedure for the purpose of obtaining reinstatement of coverage." (Docket No. 12, p. 3). As such, the Court cannot conclude that the procedure followed by Mr. Perez-Rodriguez exhausted the plan's administrative remedies for his termination.

Still, courts have recognized several exceptions to this requirement. For instance, an "employee is not required to exhaust his administrative remedies […] where it would be futile for him to do so," or where the remedy is inadequate. Madera, 426 F.3d at 62 (citing Drinkwater v. Metro. Life Ins. Co., 846 F.2d 821, 826 (1st Cir. 1988)). On this point, Plaintiffs rely on the adverse outcome of the labor complaint filed by Mr. Perez-Rodriguez to support the notion that the administrative procedure would be futile. "For this exception to apply, however, those in pursuit must show that the administrative route is futile or the remedy inadequate." Drinkwater, 846 F.2d at 826. "A blanket assertion, unsupported by any facts, is insufficient to call this exception into play." Id. Apart from

failing to show they exhausted the plan's remedy, Plaintiffs' failure to explain what the "labor complaint" was or what it entailed leaves the Court unable to conclude that the plan's remedies were futile or inadequate.

## CONCLUSION

The Court finds that Plaintiffs did not meet their burden of showing that they exhausted administrative remedies prior to bringing this suit, or that they qualify for any exception to this rule. As such, Defendant's motion to dismiss is granted. As this ground is sufficient to dismiss this case, the Court declines to enter into the merits of Defendant's pre-emption argument regarding Plaintiffs' damages claim. Judgment shall be issued accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of February, 2014.

<u>S/ Jay A. García-Gregory</u>
JAY A. GARCÍA-GREGORY
United States District Judge